# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**JOHN BRANSON,**

      **Plaintiff,**

v.                                                              Case 2:08-cv-02804-BBD-cgc

**HARRAH'S TUNICA CORPORATION,**
**HARRAH'S ENTERTAINMENT, INC.,**
**GRAND CASINOS, INC.,**
**HARRAH'S OPERATING COMPANY, INC.,**
**and BL DEVELOPMENT CORPORATION,**

      **Defendants.**

## REPORT AND RECOMMENDATION ON
## PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

Before the Court is Plaintiff's Motion for Attorneys' Fees and Costs (Docket Entry "D.E." #125) pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 626(b) and 216(b). Plaintiff seeks $83,875.00 for 332 hours of attorneys' fees and costs. Defendant acknowledges that the Court may award reasonable attorneys' fees to the prevailing party in an ADEA action, that Plaintiff is a prevailing party, and that the hourly rates of Plaintiff's attorneys are reasonable. However, Defendants contend that the number of hours Plaintiff asserts that they expended are unreasonable. The instant motion was referred to United States Magistrate Judge Charmiane G. Claxton. (D.E. #127). For the reasons set forth herein, the Court RECOMMENDS that Plaintiff's Motion for Attorney's Fees and Costs be GRANTED IN PART AND DENIED IN PART.

1

### I. Introduction

On November 23, 2008, Plaintiff filed his Complaint alleging violations of ADEA, 29 U.S.C. §§ 621 *et seq.*, and Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq*. The Court held a non-jury trial on December 20 and 21, 2010. On June 3, 2011, the Court entered a Memorandum Opinion and Order ("Memorandum Opinion") finding for Plaintiff and declaring Plaintiff a prevailing party pursuant to ADEA. The Court permitted Plaintiff to file a motion for attorneys' fees and costs supported by proper documentation within fifteen days of the entry of the Memorandum Opinion. The Court further permitted Defendants fifteen days from the filing of any such motion to respond.

Plaintiff filed this Motion for Attorney's Fees and Costs on June 20, 2011. In his motion, Plaintiff seeks $47,368.75 in fees for Attorney Forrest Craig ("Craig") for 172.25 hours at $275.00 per hour, $22,550.00 for Attorney Robert Chamoun ("Chamoun") for 82 hours at $275.00 per hour, and $13,606.25 for Attorney Daniel Lofton ("Lofton") for 77.75 hours at $175.00 per hour. Plaintiffs further seek reimbursement for the civil filing fee in the amount of $350.00. In sum, Plaintiff's requests $83,875.00 in attorneys' fees and costs.

Defendants responded to Plaintiff's Motion on July 5, 2011. Defendants solely contend that the number of hours expended by Plaintiff's counsel are unreasonable. Specifically, Defendants claim (1) that the hours spent by attorneys on administrative or clerical tasks must be excluded, (2) that excessive, redundant, or otherwise unnecessary time entries must be excluded, and (3) that unreasonably duplicative entries for work done by collaboration of multiple attorneys must be excluded.

### II. Analysis

Once a party has been determined to be a prevailing party, the court must use its discretion

to determine whether a fee award is appropriate, and, if so, in what amount. Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 789-90 (1989). The burden rests upon the fee applicant to establish the entitlement to an award and to document the hours expended and hourly rates. Hensley v. Eckerhart, 461 U.S. 424, 436 (1983). The Court should engage in the following analysis to determine a reasonable award:

> The trial court's initial point of departure, when calculating reasonable attorney fees, is the determination of the fee applicant's "lodestar," which is the proven number of hours reasonably expended on the case by an attorney, multiplied by a reasonable hourly rate. The reasonableness of the hours . . . and rate . . . is determined by considering twelve factors: (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and, (12) awards in "similar cases."

Isabel v. City of Memphis, 404 F.3d 404, 415 (6th Cir. 2005) (citations omitted). However, "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." Hensley, 461 U.S. at 434 n.9. "The most critical factor in determining the reasonableness of a fee award is the degree of success obtained." Isabel, 404 F.3d at 416 (citations and internal quotations omitted).

### A. *Time Spent on Administrative or Clerical Tasks*

First, Defendants assert that it is unreasonable for the Court to award attorney's fees for time spent by lawyers on administrative or clerical tasks. Defendants rely upon Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989), for the proposition that such time spent must be excluded from the lodestar calculation. However, Jenkins does not require that the time is necessarily excluded but instead recognizes that paralegals and other non-attorney staff are capable of carrying out many tasks

and that attorneys that perform non-legal work may be awarded a "lesser rate" because the value of the service "is not enhanced just because a lawyer does it." Id. (quoting Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717 (5th Cir. 1974)).  Other courts in ADEA cases have awarded associate rates, paralegal rates, or "blended rates" when senior attorneys have performed tasks that could be performed by junior attorneys, paralegals, or clerical staff. See Becker v. ARCO Chemical Co., 15 F. Supp. 2d 621, 633 (E.D. Pa. 1998).

In the instant case, Defendants argue that Craig, one of the two senior attorneys on Plaintiff's case, requests 4.5 hours at $275.00 per hour for filing the Complaint, having summons issued and service of process effected, and for filing other motions, responses, and documents. The Court finds that these tasks could have been adequately performed by clerical staff.  As Plaintiff have not proposed a reasonable rate for clerical staff, the Court RECOMMENDS that $75.00 per hour is a reasonable rate based upon the rates of the billing attorneys.  Accordingly, the Court RECOMMENDS that Plaintiff be awarded $337.50 for the 4.5 hours of clerical work on November 23, 2008, March 19, 2009, May 13, 2009, July 1, 2009, August 3, 2009, and October 16, 2009.[1]

### B. *Excessive or Redundant Time Entries*

Next, Defendants contend that hours that are excessive, redundant, or otherwise unnecessary are not reasonable expended and must be excluded from the lodestar. See Hensley, 461 U.S. at 434. Specifically, Defendants contend that it was excessive for Attorney Lofton, an associate, to perform six hours of legal research on the issue of constructive discharge.  Upon review, the Court finds that these six hours are not so excessive as to be deemed unreasonable.  Thus, the Court will award

---

[1] Plaintiff's proposed award for Craig's work on these dates is $1237.50 for 4.5 hours at $275.00 per hour.  The Court will award $337.50 for 4.5 hours of clerical work at $75.00 per hour, which requires Plaintiff's proposed total fee award to be reduced by $900.

Defendants' these attorneys' fees as proposed.

### C. Duplicative Time Entries

Finally, Defendants contend that duplicative time entries must not be considered in the lodestar calculation. Specifically, Defendants argue that two or more of Plaintiff's attorneys jointly performed thirty-two tasks from the initial stages of the case to the post-trial phase. These joint tasks comprise 30.75 hours of collaborative work between at least two attorneys for which all participating attorneys have submitted individual billing. A majority of the joint work occurred between Craig and Charmoun, the senior attorneys. These collaborations include initial meetings with the client and witnesses, drafting and reviewing documents filed in the case, identifying areas of discovery, developing and modifying litigation strategy, preparing for hearings, researching legal requirements, attending hearings, and preparing for trial with client and witnesses. Defendants rely upon Coulter v. Tennessee, 805 F.2d 146, 151 (6th Cir. 1986), which states that it is "often difficult to assess the need" for multiple attorneys and that excessive hours should not be awarded.

While the Court acknowledges that collaboration between Plaintiff's counsel may be necessary, the Court finds that collaboration of two senior attorneys was not necessary on certain tasks and could have been accomplished by the collaboration of at most a senior and junior attorney. Thus, the Court finds that the duplicative entries spent by both Craig and Charmoun on the following dates will be awarded for one attorney at his full rate of $275 per hour and for the second attorney at the associate rate of $175 per hour: April 13, 2009; April 29, 2009; May 12, 2009; June 9, 2009; June 23, 2009; July 8, 2009; August 23, 2009; September 5, 2009; September 16, 2009; November 16, 2009; November 16, 2009; November 20, 2009; March 8, 2010; April 6, 2010; April 22, 2010; April 29, 2010; June 1, 2010; June 16, 2010 (both entries); July 13, 2010; July 14, 2010 (both

entries); July 28, 2010; August 28, 2010; September 13, 2010; September 17, 2010 (both entries); September 18, 2010; and, September 20, 2010. [2]

### III. Conclusion

For the reasons set forth herein, the Court RECOMMENDS that Plaintiff's Motion for Attorneys' Fees and Costs be GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that Plaintiff's proposed fee award of $83,875.00 be reduced by $900.00  for clerical entries and be reduced by $3075.00 for duplicative work between senior attorneys. Accordingly, the Court RECOMMENDS that Plaintiff be awarded $79,900.00 in reasonable attorneys' fees.

**DATED** this 19th day of August, 2011.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

[2]  Plaintiff's proposed fees for Craig and Charmoun's duplicative work on these dates is $16,912.50 at the rate of $275.00 per hour for 61.5 hours.  The Court will award 30.75 hours at the rate of $275.00 per hour and 30.75 hours at the rate of $175.00 per hour, which requires Plaintiff's proposed total fee award to be reduced by $3,075.00.